**FILED**

FEB 04 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 4:22-CR-00713 |
| | : | |
| Plaintiff, | : | Judge Pamela A. Barker |
| | : | |
| -vs- | : | |
| | : | |
| PATRICK O'MEARA, | : | **MOTION TO VACATE SENTENCE** |
| | : | |
| Defendant. | : | **(ORAL HEARING RESPECTFULLY** |
| | : | **REQUESTED)** |
| | : | |

Now comes Defendant, Patrick O'Meara, *pro se* and hereby respectfully requests this

Honorable Court to Vacate the Sentence imposed upon me on November 29, 2023, for the reasons

more fully explained in the Brief in Support, attached hereto and incorporated herein by reference.

Respectfully Submitted,

/s/ Patrick O'Meara

## BRIEF IN SUPPORT

### I.     STATEMENT OF THE CASE

On or about December 15, 2022, the United States of America charged me, Patrick O'Meara, in a three (3) count indictment, to wit: Count One (1) Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A), with two enhanced penalty provisions under 21 U.S.C. §841(b)(1)(A) for Prior Serious Drug Felony Conviction; Count Two (2) Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§922(g)(1) and 924(a)(8); and Count Three (3) Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A). Counts One through Three (1-3) include a Forfeiture pursuant to 21 U.S.C. §853, 18 U.S.C. §924(d)(1), and 28 U.S.C. §2461(c).

On or about December 20, 2022, I pled Not Guilty to all counts of my indictment at my arraignment. On February 17, 2023, I, with the assistance of attorney Justin Weatherly, filed a motion to suppress. The Government responded in opposition to the motion on March 14, 2023. I filed a reply on March 21, 2023. On May 17, 2023, this Honorable Court held an evidentiary hearing. On June 16, 2023, the Government and I, through counsel, filed supplemental motions. On June 28, 2023 this Honorable Court denied my motion to suppress.

Based on this Honorable Court's ruling, my counsel, Justin Weatherly, Esq., advised me that the best course of action would be to plead guilty to the indictment and appeal the denial of the motion to suppress. I adamantly communicated the fact that I wanted the opportunity to challenge the motion to suppress. My counsel mistakenly believed that entering a guilty plea to the indictment would not waive my right to appeal the denial of his motion to suppress. I only agreed to plead guilty to the indictment based on the erroneous advice of my counsel.

On or about August 17, 2023, upon my counsel's advice, I withdrew my Not Guilty plea and entered a plea of Guilty to all counts of the indictment pursuant to a Plea Advisement. On

2

November 29, 2023, the Northern District Court executed its judgment and sentenced me to 180 months incarceration on Count One and 120 months incarceration on Count Two, to run concurrently. After the Judgment was entered, on December 7, 2023, I filed a Notice of Appeal. On January 13, 2025, the court of appeals dismissed my appeal, holding that I had waived my right to appeal the denial of my suppression motion when I pled guilty to the indictment. (R.60: Order, PageID 572).

I, Patrick O'Meara, respectfully assert that I did not plead guilty to the indictment knowingly or voluntarily. Instead, I only did so because I followed my counsel's erroneous advice. My counsel's ineffective assistance led to the involuntary waiver of my right to appeal the denial of the motion to suppress.

## II.  LAW AND ARGUMENT

28 U.S.C. 2255 states in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"The Supreme Court has established that for a criminal defendant in federal custody a motion under 28 U.S.C. § 2255 is generally the preferred mode for raising a claim of **ineffective assistance of counsel**." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir.2012) (citing *See Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003)). To establish ineffective assistance of counsel, a defendant must show that the trial counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

3

would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Here, I respectfully assert that I did not knowingly and voluntarily enter into a guilty plea to the charges of the indictment. I have always strongly advocated the fact that I believed my constitutional rights had been violated during the traffic stop that led to my arrest in this case. Upon this Court's denial of the motion to suppress, I informed my counsel of my wish to appeal the decision. At that time, my counsel, attorney Justin Weatherly, informed me that the best course of action was to plead guilty to the indictment and appeal the denial of the motion to suppress after the sentencing.

Attorney Weatherly's advice was erroneous. He assured me that if I entered a plea of guilty, I would be able to immediately appeal the denial of the motion to suppress. However, once the appeal was filed, it became clear that attorney Weatherly was wrong about the appeal process. He failed to inform me that entering a guilty plea would waive my right to appeal the denial of the motion to suppress. Instead, attorney Weatherly should have informed me that a conditional guilty plea was necessary to preserve such right. Attorney Weatherly's erroneous advice led me to involuntarily and unknowingly waive my right to appeal the denial of the motion to suppress. Attorney Weatherly's representation amounted to ineffective assistance of counsel.

An objectively reasonable attorney would have known and advised me that pleading guilty to the indictment would waive my right to appeal the denial of the motion to suppress. By failing to do so, attorney Weatherly's representation fell below an objective standard of reasonableness. Additionally, but for attorney Weatherly's error, the result of the proceeding would have been different as I would have never pled guilty to the indictment.

4

As such, I respectfully request that this Honorable Court vacate the sentence imposed upon me in this case and allow me to appeal the denial of the motion to suppress. To do so, I would like the help of the federal public defender's office, specifically of Jeff Lazarus, Eqs., to represent me. Because my case requires conducting an investigation, including but not limited to interviewing my previous counsel, and because I am incarcerated, counsel is necessary to represent my interests.

Respectfully Submitted,

/s/ Patrick O'Meara

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was hand filed on this 4th day of February 2025. Notice of this filing was mailed to the following party:

Elizabeth M. Crook, Esq.
Office of the U.S. Attorney – Cleveland
Ste. 400
801 Superior Avenue, W
Cleveland, OH 44113
216-622-3825
Elizabeth.crook@usdoj.gov

/s/ Patrick O'Meara

6